IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>DARNELL L. MATTHEWS,<br><br>Defendant. | **8:25CR235**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Appeal of Magistrate Judge's Order of Detention. (Filing No. 264.) For the reasons explained below, Defendant's motion will be denied.

**BACKGROUND**

Defendant, along with multiple others, is charged in a 23-count indictment, stemming from alleged racketeering activity by the Omaha Crips 4s gang. (Filing No. 55.) This alleged racketeering activity includes incidents involving murder, attempted murder, assault, firearm trafficking, and drug trafficking. (Filing No. 55.) Defendant, who is alleged to be a member of the Omaha Crips 4s gang, is charged with violations of 18 U.S.C. § 1959(a)(6) and 2 (conspiracy to commit assault with a dangerous weapon), 18 U.S.C. § 1959(a)(3), 18 U.S.C. § 1959(a)(5) and 2 (two counts of assault with a dangerous weapon and attempted murder in aid of racketeering), 18 U.S.C. § 924(c)(1)(A)(i) and (iii) and Section 2 (two counts of possession and discharge of a firearm in furtherance of a crime of violence); 18 U.S.C. § 924(o) (firearms conspiracy), and 18 U.S.C. § 933(a)(3) and (b) (firearms trafficking conspiracy).

Following a detention hearing, Magistrate Judge Jacqueline DeLuca entered an Order of Detention, detaining Defendant pending trial. (Filing No. 249.) Magistrate Judge DeLuca

concluded that Defendant would be detained because the Government had shown by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person in the community. (Filing No. 249.) Magistrate Judge DeLuca further found that the Government had shown by a preponderance of evidence that no condition or combinations of conditions of release would reasonably assure Defendant's appearance at court proceedings. (Filing No. 249.) Magistrate Judge DeLuca cited the following factors in her decision to detain Defendant: (1) the offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against Defendant is strong; (3) Defendant is subject to a lengthy period of incarceration if convicted; (4) prior attempts to evade law enforcement; (5) Defendant's history of alcohol or substance abuse; (6) Defendant's prior history of violence or use of weapons; (7) Defendant's release poses a serious danger to any person or the community; and (8) mental health issues and desire to obtain mental health counseling. (Filing No. 249.)

## DISCUSSION

Defendant seeks review of Magistrate Judge DeLuca's Order of Detention. Defendant argues pretrial release is appropriate because (1) he has lived in Omaha, Nebraska his entire life and has stayed at his current residence with his aunt for the past 3-4 years; (2) he has daily contact with his 1-year-old son; (3) he has been in a relationship for at least the past year; (4) he does not have a passport; (5) he is interested in seeking mental health counseling; and (5) he does not have a criminal record. Defendant contends his cousin, Tiara Jones, could serve as his third-party custodian. Jones testified at the evidentiary hearing that she has a place for Defendant to stay, understands the responsibilities of a third-party custodian, and does not have firearms at her residence or a criminal record. (Filing No. 276 at CM/ECF pp. 58-62.)

The Court has conducted a *de novo* review of the record, including (but not limited to) the transcript of the evidentiary hearing, exhibits, and briefing on Defendant's motion. *See* NECrimR 46.2. Having fully reviewed the matter, the Court will affirm Magistrate Judge DeLuca's Order of Detention and order that Defendant be detained pending trial.

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the following in determining whether an individual should be detained pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the individual; (3) the individual's history and characteristics, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;" and (4) the nature and seriousness of the danger to any person or the community that would be posed by the individual's release. 18 U.S.C. § 3142(g). Having considered these factors in conjunction with the record and evidence presented in this case, the Court finds pretrial detention is appropriate.

The nature and circumstances of the charged offense weighs in favor of detention. Defendant's alleged crimes are unquestionably serious, and he faces a lengthy period of incarceration. The counts charged include allegations of assault of multiple individuals, including a minor under 12 years old, and attempted murder. Defendant is also charged with several firearms crimes.

The weight of the evidence also favors detention. Defendant allegedly was involved in a spree of violent gang activity, which involved multiple shootings. (Filing No. 276 at CM/ECF p. 15.) Cell phone records and video evidence indicate Defendant was present during the shootings, was potentially the shooter in one of the shootings, and/or was aware of the violent activity. (Filing No. 276 at CM/ECF p. 51.) A weapon recovered from Defendant was tied ballistically to several shootings. (Filing No. 276 at CM/ECF pp. 18, 26, 34.) Defendant also attempted to flee from a traffic stop, in which the gun tied to the shootings was found on his person. (Filing No. 276 at CM/ECF p. 34.)

Defendant's history and characteristics likewise favors detention. Defendant is linked to gang activity, alleging occupying a "middle-management" type-role in the gang. (Filing No. 276 at p. 15.) He also has a history of substance abuse. (Filing No. 90.) Defendant's Pretrial Services Report sets out Defendant's background in detail and recommends that he be detained. (Filing No. 90.) The report indicates that at age 16, Defendant was charged with felony theft by deception—

though prosecution was declined.  (Filing No. 90.)  In March of 2025, Defendant was charged with 1st degree assault, use of a firearm to commit a felony, and unlawful/intentional discharge of a firearm. (Filing No. 90.)  These charges remain pending.  (Filing No. 90.) Probation and Pretrial Services determined that Defendant poses a risk of nonappearance, poses a risk of danger to the community, and that no combination of conditions will reasonably assure Defendant's appearance for future proceedings or reasonably assure the safety of others in the community.  (Filing No. 90.) The Court agrees.

The Court will affirm Magistrate Judge DeLuca's Order of Detention.  This Court finds, as did Magistrate Judge DeLuca, that Defendant is a danger to the community and that no conditions of release or combination of conditions will reasonably assure the safety of the community.   The Court further finds that no condition or combinations of conditions of release would reasonably assure Defendant's appearance at court proceedings.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Appeal of Magistrate Judge's Order of Detention (Filing No. 264) is denied.
2. The Magistrate Judge's Order of Detention (Filing No. 249) is affirmed.
3. Defendant shall remain detained pending trial.

Dated this 11th day of February, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge